SARAH J. PRITCHARD AND OTHERS *vs.* JOHN P. ELTON AND OTHERS.

Courts of equity look with distrust upon all restraints on the right of redemption of mortgaged premises, and notwithstanding agreements in restraint of such right, will in gene·al allow the party in default to redeem. The principle on which courts in such cases grant relief, is that in general adequate compensation can be made to the party deprived of his forfeiture, and that to exact the forfeiture would be unconscionable.

A mortgagor, on the execution of a note and mortgage given as security for a loan of money, agreed with the mortgagee that if the note was not paid according to its tenor, he would execute to him a quitclaim deed of the premises; and the note not being paid, in consequence and fulfilment of his promise, and in good faith toward the mortgagee, but without his knowledge, executed such a deed, caused it to be recorded, and died insolvent. The mortgagee, supposing the deed to be in fraud of the mortgagor's creditors, and fearing that it might affect his title under the mortgage, refused to accept it, and after the death of the mortgagor released to his heirs whatever interest in the premises had passed to him by virtue of it; and having obtained a decree of foreclosure against the administrators of the mortgagor, but without making his heirs parties, on failure to redeem sold the premises in good faith, at a fair price, at a loss to himself of over $2,000, and conveyed them by warranty deed

On a bill to redeem by the heirs of the mortgagor, it was held that they were not entitled to relief.

BILL IN EQUITY to redeem mortgaged property; brought to the Superior Court for New Haven county, and reserved, on facts found, for advice. The facts are sufficiently stated in the opinion.

*J. S. Beach* and *Webster*, for the petitioners.

*Kellogg* and *Doolittle*, for the respondents.

SEYMOUR, J. On the 10th of April, 1860, Elizur E. Pritchard mortgaged to John P. Elton certain premises in Wolcottville. The mortgage deed is in the usual form, with condition to be void upon payment according to its tenor of the mortgagor's note, payable four months after date, for $6,635.72. The debt was not paid according to the condition, and still remains unpaid. Mr. Pritchard died intestate and insolvent, November

30th, 1860. The petitioners are his heirs at law, and they bring this bill to redeem the mortgage.

Upon all the circumstances of the case we think the petitioners are not entitled to relief; but it must be conceded that they have a primâ facie case in their favor upon the face of the deeds and records. Upon the records of the town of Torrington, there is a quitclaim deed of the equity of redemption from Mr. Pritchard to Mr. Elton. But it also appears that Mr. Elton refused to accept the quitclaim. On the contrary he quitclaimed back to the heirs of Mr. Pritchard, after the latter's death, whatever interest, if any, in the premises was conveyed to him by Mr. Pritchard's quitclaim of the equity. The records of the court also show a decree of foreclosure of the equity of redemption. But to that bill for foreclosure, brought after Mr. Pritchard's death, his heirs, as such, are not parties. His administrators were made parties respondent, and, the estate being insolvent, it was probably supposed that the administrators, representing the creditors, were solely interested in the redemption. Yet it is clear that Mr. Pritchard's heirs, as such, are not foreclosed by that decree. The defence to this petition must therefore rest upon circumstances peculiar to the case, and these circumstances are such, we think, as to require us to deny the prayer of the petitioners' bill.

It appears that these premises had been mortgaged by Mr. Pritchard to one Brady, and Brady had obtained a decree of foreclosure, whereby the right to redeem would be barred on the 10th of April, 1860. On this last day of redemption, Mr. Elton, on the solicitation of Mr. Pritchard, lent the money to save the forfeiture. In consenting to make the loan and take the note and mortgage, Elton relied on Pritchard's promise that if he should fail to repay the amount lent within four months, he would, by quitclaim deed conveying the property to Elton, save the trouble and expense of foreclosing the mortgage.

Now if the case rested here, the right of redemption would not be lost by the mere force of this agreement, and the failure by Mr. Pritchard to perform it. Courts of equity look with

distrust upon all restraints on the right of redemption, and it is a familiar rule that, such agreements notwithstanding, courts of equity will in general allow the party in default to redeem. The principle on which the court in these cases grants relief, is substantially the same as that on which it relieves against all penalties and forfeitures, to wit, that in general adequate compensation can be made to the party who is deprived of his forfeiture, and that the exacting of the forfeiture would be and is unconscionable.

Now in the case under consideration, it is found that on the 5th of November, 1860, Pritchard executed in favor of Elton a quitclaim deed of the premises, and on the 9th of November caused the same to be recorded, all without Elton's knowledge ; and it is further found, " that although Pritchard would not have executed the deed and put it on record at the time he did, if he had not been influenced by a desire to baffle other creditors from whom he feared trouble, he in fact executed the deed and put it on record in consequence of his promise, *and* in tardy fulfilment of it, and in good faith toward Elton." By this act Mr. Pritchard ratified and confirmed the agreement made at the time of borrowing the money, and it is apparent that Mr. Elton would have accepted the deed, were it not for the fraudulent purpose as against creditors with which he supposed it was tainted. The non-acceptance upon these grounds by Mr. Elton ought not, we think, to impair the effect of the deed as a renunciation by Mr. Pritchard of all interest in the premises. Mr. Elton, relying upon Mr. Pritchard's promise and this renunciation in pursuance of it, and upon the foreclosure which he had obtained against the administrators, in August, 1862, took possession of the property and made efforts to sell it, and finally, in February, 1863, effected a sale to Daniel Curtiss. The committee finds that this sale was made fairly, in good faith, and at the then fair market value of the property. The sale was for $5,750. The cost of the property to Mr. Elton at that time, including interest and taxes and insurance, and $6.10 for repairs, was $8,062.66 ; so that his loss by means of the loan was $2,312.66. The property has since gone into several hands, has been greatly improved by

building upon it, and has risen in value by the general rise in the value of property in its vicinity. Mr. Elton conveyed the property by warranty deed, doubtless supposing his title to be perfect. If the petition is granted a considerable loss will be thrown upon his estate through the medium of the warranty deed.

Upon all these circumstances it seems to us that the usual grounds upon which courts of equity grant relief are wholly wanting in this case. There has been nothing unconscionable in the conduct of· Mr. Elton. To relieve Mr. Pritchard's necessities he lent him a large sum of money, and has already in consequence been subjected to a loss of over $2,000, and Mr. Pritchard's heirs now seek to subject him to a still larger loss. It is indeed true that Mr. Elton might have been more thorough in seeing to it that the right to redeem was technically, as well as equitably, extinguished, either by accepting the quitclaim deed, or by making the heirs of Mr. Pritchard parties to the bill to foreclose. And it is in general so easy for the mortgagee to make his title legally and technically perfect, that we do not wish to establish a precedent that will encourage any neglect on the part of mortgagees to see to it that their titles are perfected in the regular and usual way. But in this case it is obvious that very slight, if any, blame can attach to Mr. Elton, and that the heirs of Mr. Pritchard, if permitted now to redeem, would do so, first, against the express contract of their ancestor in whose place they stand; second, against the renunciation by their ancestor by quitclaim deed of all right to redeem; and third, against the equities of the case, growing out of the sale of the property made by Mr. Elton fairly and in good faith. The legal title is in the present occupants of the property under Mr. Elton's deed, and this legal title we think ought to prevail against the claims of the petitioners, standing as they do in the place of Mr. Pritchard, with no higher equity than he would have had if living.

The Superior Court is advised to dismiss the petition.

In this opinion the other judges concurred.