[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Franklin L. Frank, brings this action against Leon E. Cooper and Mary P. Cooper seeking a judgment of foreclosure of a Mortgage Note and Mortgage, dated July 5, 1989, in the original amount of $1,750,000.00.
The plaintiff testified that a mortgage broker contacted him to see if he would be interested in financing a short term bridge loan, secured by property in Fairfield, Connecticut. The mortgage broker informed plaintiff that the proposed borrowers were willing to pay twenty-four percent interest on a short term loan. The plaintiff testified that he was not in the lending business, and no evidence was introduced to claim otherwise.
The plaintiff testified that he came to Connecticut, met Leon Cooper, and viewed the property. The evidence clearly showed that the Coopers were most anxious to obtain immediate financing to satisfy the demands of creditors.
The plaintiff contacted his New York attorney, Theodore Daniels, provided him with the details of the transaction, and authorized the preparation of the documentation. Plaintiff also told Attorney Daniels that the Coopers would be represented by Henry Lyons, a Connecticut attorney.
Attorney Daniels contacted a Hartford, Connecticut attorney seeking advice regarding Connecticut usury law. After satisfying himself that the loan was exempt from usury, Connecticut General Statutes Section 37-9(3), Attorney Daniels contacted Chicago Title Company and began the preparation of the closing documents. A set of loan documents was faxed to Attorney Lyons's Fairfield, Connecticut office for his review.
The closing took place at Attorney Daniel's office in Nassau County, New York on July 5, 1989. Mr. and Mrs. Leon Cooper met their attorney, Henry Lyons, III, at the closing. Leon E. Cooper and Mary P. Wood, a/k/a Mary Wood Cooper, signed the various CT Page 12542 closing documents, including the Mortgage Note and Deed.
The original mortgage was given to the Chicago Title Closer for recording in the Fairfield Land Records. The mortgage deed was recorded on July 6, 1989, at 12:04 p. m.
The funds were wired to the Chicago Title Company, and Chicago's Connecticut office disbursed the proceeds to the numerous creditors, as approved by Leon and Mary Cooper.
On November 15, 1989, Attorney Lyons wrote a letter to Attorney Daniels indicating . . . "Mr. and Mrs. Cooper will be paying off the Frank mortgage in full sometime during the first or second week in January." On December 1, 1989, L. E. and Mary P. Cooper faxed Franklin L. Frank, "Refinancing is scheduled to close on December 14, 1989, and you are requested to send pay off number to Attorney Henry Lyons, Esq., 1300 Post Road, Fairfield, CT 06430 (203-259-7851) along with your release for the current first mortgage." The fax went on to provide the Coopers estimated pay off figure to be $1,866,550.00.
The refinancing never materialized, and the Coopers defaulted by their failure to make the payment due on December 5, 1989, and subsequent installments.
The pleadings and appeals in this case have produced a voluminous set of files. This court finds, however, that the defendant raised only two credible issues. Defendants claim that the note they signed specifies that the note shall be governed by the laws of the State of New York and that New York law makes the transaction void as usurious. They further claim that because the property description, Schedule A, was not recorded as part of the mortgage, on the Fairfield Land Records, the recorded instrument is a nullity.
This court disagrees with the defendants on both of these issues.
The more credible evidence leads this court to conclude that the parties to this transaction clearly intended that it be governed by the laws of the State of Connecticut. The mortgage recites as follows: "The validity and enforceability of this Mortgage and all transactions and questions arising hereunder, shall be construed and interpreted according to the laws of the State of Connecticut." CT Page 12543
Again, the more credible evidence leads to the conclusion that the property description, Schedule A, was a copy of the description as contained in the Chicago Title Insurance Company Loan Policy. The duplicate originals contained a Schedule A; the recorded Mortgage, for whatever reason, did not. No one was adversely impacted by the missing property description. The recorded mortgage recited a reference to see Schedule A attached and property address, 210 Sasco Hill Road, Fairfield, Connecticut 06430.
The defendants further claim that plaintiff has taken title to their property by virtue of a quit claim deed from them to the plaintiff, which was executed at the closing in connection with a confession of judgment, also signed at the closing on July 5, 1989.
Courts of equity look with distrust upon all restraints on the right of redemption, and it is a familiar rule that, such agreements notwithstanding, courts of equity will in general allow the party in default to redeem. Pritchard v. Elton, 38 Conn. 434. The court finds the quit claim deal to be a nullity.
No evidence was introduced to support defendants' alleged RICO violation.
On or about September 16, 1991, Leon Cooper filed a cross claim against Citibank alleging "Credit Destruction/Annihilation". On or about October 3, 1991, Leon Cooper revised his claim, alleging that since the fall of 1989, Citibank submitted erroneous reports to credit reporting agencies stating that Leon Cooper was deceased. Leon Cooper admitted on cross examination that he was not aware of a single circumstance wherein he was denied credit on the basis that he had been reported as deceased. At the conclusion of all of the testimony, the court, on motion by counsel for Citibank, granted a judgment of dismissal as to Citibank.
Plaintiff's appraiser, Peter Zeidel, testified that the fair market value of the subject property, as of July 6, 1995, is $1,600,000.00. Defendant introduced an appraisal, also by Peter Zeidel wherein he found the fair market value of the subject property to be $1,750,000.00, as of February 6, 1991.
Defendant's Appraisal Report, prepared by Statewide Appraisal Service, Inc., finds a fair market value of the subject property to be $3,650,000.00, as of June 27, 1995. CT Page 12544
Statewide had appraised the property on October 5, 1989 and found the fair market value to be $4,200,000.00. On September 19, 1991 Statewide appraised the property at $3,900,000.00.
Evidence was introduced that Leon E. Cooper and Mary P. Cooper gave a $40,000.00 mortgage deed on the subject property to Kenneth and Mary Wood on November 13, 1989, to secure two notes both dated November 13, 1989, one in the original principal amount of $25,000.00 and the other in the original principal amount of $15,000.00.
All of defendants' special defenses, counterclaims and crossclaims are hereby dismissed.
A judgment of foreclosure by sale shall enter for the plaintiff and the sale day shall be April 20, 1996.
The case shall be continued for a further hearing to determine the appointment of the committee and any other terms of this judgment of foreclosure by sale. This court does not retain jurisdiction, unless the Superior Court for the Judicial District of Fairfield at Bridgeport, refers this matter to me for clarification of this decision.
SO ORDERED.
Dated at Stamford, Connecticut this 25th day of October, 1995
RICHARD J. TOBIN, JUDGE CT Page 12545